UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ALLEN E. VAUGHN, JR., )
 )
            Plaintiff, )
 vs. ) 1:11-cv-0217-WTL-DML
 )
BOBBIE JAMES, et al., )
 )
            Defendants. )

**Entry and Order Directing Dismissal of Action**

    Plaintiff Allen Vaughn, Jr., was given a period of time in which to file an amended complaint. He has done so. The amended complaint has been screened as required by 28 U.S.C. § 1915A.[1] As a result of that screening, the action must be dismissed because the amended complaint fails to state a claim upon which relief can be granted.

    To state a claim for relief, a complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Bissessur v. Indiana University Bd. of Trustees,* 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). In addition, although the requirements of notice pleading are minimal, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir. 1995). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008)(citing *Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 715 (7th Cir. 2006)).

---

[1]Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

Vaughn alleges that the investigation leading to his conviction transgressed his federally secured rights.[2] Invoking the ubiquitous 42 U.S.C. § 1983, he seeks to have the defendants criminally prosecuted. As recited in the Entry of February 28, 2011, the defendants are (1) police officers Bobbie James and Mark Campbell, (2) Deputy Prosecutor Andrea Props, (3) state court judge William Young, (4) prison Superintendent Alan Finann, and (5) United States Supreme Court Clerk William Suter.

No action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983). Vaughn's amended complaint is flawed because he has not asserted the violation of such a right. Specifically, it has been understood for many years that private citizens lack standing to compel enforcement of the criminal law. *Linda R.S. v. Richard D.,* 410 U.S. 614 (1973); *Leeke v. Timmerman,* 454 U.S. 83 (1981); *Allen v. Wright,* 468 U.S. 737 (1984); *Collins v. Palczewski,* 841 F.Supp. 333, 340 (D. Nev. 1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"). Vaughn thus cannot obtain the relief he seeks, and this is apparent from the face of the amended complaint.

For the reasons explained above, Vaughn's amended complaint fails to meet this standard and therefore fails to state a claim upon which relief can be granted. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is now mandatory. *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/03/2011

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[2]Vaughn was involved as drug supplier in two "buys" by an undercover police officer in Indianapolis in January 2002. He was convicted in an Indiana state court of offenses associated with this activity. His convictions were affirmed on appeal in *Vaughn v. State*, No. 49A02-0304-CR-335 (Ind. Ct. App. December 31, 2003). The trial court's denial of Vaughn's petition for post-conviction relief was affirmed on appeal in *Vaughn v. State,* 2008 WL 5401405 (Ind. Ct. App. December 30, 2008). Vaughn's bid for federal habeas corpus relief was rejected in Vaughn v. Finnan, No. 1:09-cv-00448-RLY-JMS (S. D. Ind. December 29, 2009).